UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | )  |  |
|---|---|---|
| LYNETTE JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 4:16-CV-1617 RLW |
| | ) | |
| v. | ) | |
| | ) | |
| AMERICAN WATER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's Motion to Dismiss (ECF No. 16). Defendant American Water[1] filed this Motion to Dismiss on December 6, 2016. Plaintiff Lynette Jackson ("Jackson") did not file a response. On February 2, 2017, this Court issued an Order, giving Jackson until February 17, 2017 to file a response to Defendant's Motion to Dismiss or the Court would rule on Defendant's unopposed Motion to Dismiss. (ECF No. 21). To date, Jackson has not responded to Defendant's Motion to Dismiss. Therefore, the Court rules on Defendant's unopposed Motion to Dismiss.

---

[1] Jackson misidentifies Defendant as "American Water" but the correct defendant should be "American Water Works Company, Inc." (ECF No. 17 at 1, n.1).

## BACKGROUND[2]

Jackson alleges claims under 42 U.S.C. §1983 based upon Defendant's termination of Jackson's employment and retaliation against Jackson. (ECF No. 1). Jackson had been employed as a billing specialist for Defendant. (ECF No. 17 at 1).

In 2010, Jackson reported to human resources that her supervisor, Adria Neudecker, was selling prescription drugs at work. After Ms. Neudecker was fired, Jackson was watched closely by Neudecker's friends. Ms. Neudecker's friends were harassing Jackson and looking for Jackson's errors in order to establish a pretext for firing her. (ECF No. 1 at 6). Out of seven or eight people in the management department, Jackson was the only African-American.

In 2016, Jackson had to go to court on three different occasions when she received temporary custody of her two grandchildren. On April 24, 2016, Jackson called her work to advise that she would be absent because she had to go to court. The next day, Jackson's supervisor told Jackson that she would get paid for 6 hours. However, Jackson was instructed that she was "on a final" and "couldn't get any more." (ECF No. 1 at 5). Ultimately, Jackson went to court three times and was never advised to enter time in. Ultimately, she was terminated in 2016.

On August 25, 2016, Jackson filed a Charge of Discrimination against Defendant, alleging that her 2016 termination was in retaliation for her 2010 report that her supervisor was settling prescription drugs at work. (ECF No. 1-1). Jackson also alleges that she was terminated for not following the proper protocol when she missed work due to court appearances. Jackson

---

[2] In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences most favorably to the complainant. *U.S. ex rel. Raynor v. Nat'l Rural Utilities Co-op. Fin., Corp.*, 690 F.3d 951, 955 (8th Cir. 2012); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008).

claims, however, that no one ever told her she was following the wrong process until her termination.

## DISCUSSION

### I. Standard of Review

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp., v. Twombly*, 550 U.S 544, 570 (2007). A "formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

### II. Discussion

#### A. Discrimination Claim

Title VII requires that a complainant must file a charge with the EEOC within 180 days "after the alleged unlawful employment practice occurred," and give notice to the employer of the circumstances of "the alleged unlawful employment practice." 42 U.S.C. § 2000e–5(e)(1); *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 851 (8th Cir. 2012). "[T]he complainant must file a charge with respect to each alleged unlawful employment practice." *Richter*, 686 F.3d at 851. In her EEOC charge, Jackson checked the box only for retaliation. (ECF No. 1-1). She alleged that she was terminated for reporting a supervisor selling prescription drugs at work. In this Court, she alleged discrimination for making a charge (*i.e.*, retaliation) and (for the first time) that she was discriminated against based upon her race. (ECF No. 1 at 4-5). These are two discrete acts of alleged discrimination—one in violation of 42 U.S.C. § 2000e–2(a)

(discrimination), one in violation of § 2000e–3(a) (retaliation). *Richter*, 686 F.3d at 851. Each discrete act is a different unlawful employment practice for which a separate charge is required. *Passenger Corp. v. Morgan,* 536 U.S. 101, 114 2002). Jackson failed to exhaust her discrimination claim and, consequently, this Court dismisses that claim. *Richter*, 686 F.3d at 851.

## B. Retaliation Claim

To establish a prima case of retaliation, an employee must allege: "(1) he engaged in statutorily protected activity; (2) the employer took an adverse action against him; and (3) a connection between the two occurrences." *Bakhtiari v. Lutz*, 507 F.3d 1132, 1137 (8th Cir. 2007) (citing *Green v. Franklin Nat'l Bank,* 459 F.3d 903, 914 (8th Cir. 2006)). "Protected activity" in this context includes opposition to employment practices prohibited under Title VII; however, a plaintiff employee need not establish that the conduct he opposed was in fact prohibited under Title VII; rather he need only demonstrate that he had a "good faith, reasonable belief that the underlying challenged conduct violated [Title VII]." *Buettner v. Arch Coal Sales Co.*, 216 F.3d 707, 714 (8th Cir. 2000); *see also Von Bokel v. McHugh*, No. 4:13-CV-2517 CAS, 2015 WL 357081, at *11 (E.D. Mo. Jan. 27, 2015) (citing *Wallace v. Sparks Health Sys.,* 415 F.3d 853, 858 (8th Cir. 2005); *Brannum v. Missouri Dep't of Corr.,* 518 F.3d 542, 547 (8th Cir. 2008))..

Defendant argues that Jackson's Complaint fails to plead protected conduct necessary to establish a retaliation claim. (ECF No. 17 at 5-7). Defendant claims that Jackson's reporting a previous supervisor for selling prescription medication at work in 2010 does not constitute statutorily protected activity under Title VII.

In *Von Bokel*, the plaintiff brought a Title VII claim for retaliation, claiming that she was disciplined after filing a complaint regarding an alleged stalker. *Von Bokel*, 2015 WL 357081, at

*11. The district court noted that there was "nothing in the Complaint or Briefs in support to suggest that she complained she was being stalked because of her sex or race." *Id.* The district court dismissed Von Bokel's claims after holding that her "allegation is unrelated to sex, race or other protected category, and therefore is not an assertion of conduct that a reasonable person would have believed to be a violation of Title VII." *Id.* Likewise, the district court determined that Von Bokel's "failure to expressly complain about race or sex discrimination in the Informal Complaint also severs any potential causal link for her retaliation claim." *Id.*, at *11, n.5; *see also Gillette v. City of Wellston*, No. 4:06-CV-918 (CEJ), 2007 WL 3352470, at *3 (E.D. Mo. Nov. 8, 2007) (dismissing claim for retaliation under Title VII where plaintiff claimed he was terminated in retaliation for complaining to his supervisor about his coworkers' misconduct and illegal activity during work hours because plaintiff did not "allege that he complained to his supervisor of discrimination on any" protected conduct).

In this case, Jackson failed to allege any conduct protected by Title VII. Jackson has alleged she filed a complaint with human resources based upon her supervisor's sales of prescription drugs at work. Jackson fails to link her termination to any protected category, including her sex or race. Nor does Jackson allege a good faith, reasonable belief that the underlying challenged conduct violated Title VII. Because Jackson fails to allege a statutorily protected activity under Title VII, Jackson's claim for retaliation is dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 16) is **GRANTED**.

An appropriate Judgment is filed herewith.

Dated this 24th day of April, 2017.

                                          **RONNIE L. WHITE**
                                          **UNITED STATES DISTRICT JUDGE**